## In re JACOBI.
### Patent Appeal No. 3124.

Court of Customs and Patent Appeals.
May 1, 1933.

Ira Milton Jones, of Milwaukee, Wis., for appellant.

T. A. Hostetler, of Washington, D. C., for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge.

The appellant has filed application in the United States Patent Office for a patent on alleged improvements in locks. A number of claims were allowed, but claim 30, which was copied from claim 9 of the patent to Shinn, No. 1,761,092, dated June 3, 1930, now reissue No. 17,936, was rejected by both the Examiner and the Board of Appeals upon the ground that appellant could not properly make said claim. The claim is as follows:

"30. In a lock the combination of a casing adapted to be secured in an element, a plug rotatable in and insertable endwise into the casing, key-operable tumblers for locking the plug in the casing, said plug having a groove adjacent its inner end, a holding device in the groove and adapted to extend into engagement with the casing to secure the plug against withdrawal from the casing, and means to permit a releasing device to pass from the front end of the lock to the rear or inner end for the purpose of releasing the holding device."

The lock in question is a modification of the type in which a rotary plug is manipulated by a key, and which plug has a means upon the inner end thereof by which a lock bolt is placed in such position as to secure the door, or other member in which the lock is mounted, against opening. The appellant states, as one of the objects of his invention, the following: "Another object of this invention resides in the provision of a lock device of the character described in which the means for retaining the lock cylinder against retraction is readily movable to an inactive position to permit the removal of the lock cylinder, by the insertion of a slug or extension member ahead of the key."

The issue in the case, as we see it, is whether the following language in the rejected claim reads upon appellant's disclosure: "Said plug having a groove adjacent its inner end, *a holding device in the groove and adapted to extend into engagement with the casing. * * *"* (Italics ours.) The appellant claims it does so read, while the solicitor for the Patent Office contends that such is not the case.

The patent to Shinn shows a retaining device which is composed of a groove in the inner end of the plug, into which is fitted a crescent-shaped piece of stamped plate metal. This crescent-shaped metal element is held permanently within said slot at all times, but is ordinarily elevated above and away from immediate contact with the slot at the central portion of the crescent, by a central stem and spiral spring, fitted into a recess in the plug. The plug can be removed from the casing by the insertion of a tool through an opening provided for that purpose through the plug and casing, and by means of which

tool the crescent-shaped element may be depressed by the compression of the spiral spring. In this manner the plug may be withdrawn from the casing.

The appellant's device works in another way. His retaining device is a crescent-shaped piece of spring steel, mounted within the casing and having an inwardly directed bead which projects through an opening in the casing and into a groove on the inner end of the plug member. The plug member is withdrawn from the lock by means of the insertion of a small slug into the key slot ahead of the key, and which slug raises the bead on the retaining device, so that the plug may be withdrawn. It will be noted, however, that, when the plug is withdrawn, the retaining device remains within the casing, whereas in Shinn it remains with the plug.

In our opinion, when rejected claim 30 recites "a holding device in the groove," the meaning plainly intended is that the retaining device shall be mounted in the groove and remain there, as is the case in the Shinn patent from which said claim was copied. Therefore, the Board of Appeals was not in error in holding that this claim did not read upon the appellant's disclosure.

The appellant contends that the rejected claim should be allowed because the device therein described is the equivalent of the device shown by Shinn and set out in the rejected claim. It does not appear that this point was anywhere contended for before, or decided by, either of the Patent Office tribunals. It is not specifically set forth in the reasons for appeal, and apparently is argued for the first time in this court. In view of this, this point need not further be considered. However, were the question properly raised, it would not seem to be applicable. The rejected claim contains certain clearly expressed limitations. These limitations may not be disregarded. If appellant's rejected claim does not read upon his disclosure, including such limitations, he may not have his claim allowed, even for purposes of interference. In re Fischer, 58 F.(2d) 1058, 19 C. C. P. A. 1231.

The decision of the Board of Appeals is affirmed.

Affirmed.